1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
7                                     AT TACOMA

8

9    DIEAUKA Y. BRADLEY,

10                          Plaintiff,
                                                    Case No.  C08-5500 FDB/KLS
11              v.
                                                    ORDER DENYING MOTIONS
12   RON VAN BOENING, *et al.*,                     FOR DEFAULT AND FOR
                                                    RULE 11 SANCTIONS
13                          Defendants.

14
          Before the Court are Plaintiff's motions for default and for Rule 11 sanctions.  Dkts. # 14 and 15.
15
     Having carefully reviewed the motions, Defendants' responses (Dkts. # 19 and 20), and balance of the
16
     record, the Court finds that the motions should be denied.
17
                                          **I.  DISCUSSION**
18
     **A.      Motion for Default**
19
          Plaintiff contends that Defendant Tauscher failed to plead or respond to the Complaint and
20
     requests that judgment be entered in his favor pursuant to Rule 55(a)(1) and (3).  Rule 55, which governs
21
     the entry of default, provides for the entry of default when a party fails to plead or otherwise defend.
22
     Fed.R.Civ.P. 55.
23
          On September 3, 2008, the Court entered an Order directing service to all named defendants.  Dkt.
24
     # 6.  The order explicitly states that "Each Defendant who timely returns the signed Waiver (of Service of
25

26   Summons) shall have **sixty (60) days** after the date designated in the Notice of Lawsuit to file and serve
27
     an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil
28

ORDER
Page - 1

Procedure." Order, p. 2 (emphasis in original).

The Clerk mailed a Waiver (of Service of Summons), with a copy of the Complaint, to Defendant Jerry Tauscher on September 8, 2008. Dkt. # 12. Defendant Jerry Tauscher signed the Waiver on September 20, 2008, acknowledging that he received a copy of the Complaint and that an answer or motion under Rule 12 is due within 60 days after September 8, 2008, or November 7, 2008. Dkt. # 12, p. 2. The Waiver of Service was filed with the Court on October 23, 2008. *Id.*

The U.S. Marshal's Office mailed a Summons and copy of the complaint to Defendant Tauscher on October 2, 2008. Dkt. # 21.

On November 14, 2008, counsel entered an appearance on behalf of Defendant Jerry Tauscher. Dkt. # 18.

Defendant Tauscher plead and defended by filing an answer on November 24, 2008. Dkt. # 23.

Plaintiff argues that because Defendant Tauscher did not file an answer within  Although Defendant Tauscher did not file his answer within sixty days from the date of the Court's order directing service on August 28, 2008, he is in default. Dkt. # 14, p. 1. Defendant Tauscher argues that he had sixty days from October 2, 2008, the date that the U.S. Marshals mailed the summons and complaint, to respond. Dkt. # 19, p. 2. Neither party is correct.

As noted above, Defendant Jerry Tauscher signed a waiver of summons, expressly acknowledging receipt of the complaint and waiving service of the summons and complaint. Dkt. # 12. His answer was due within 60 days after September 8, 2008, the date indicated on the notice, or November 7, 2008.

Although Defendant Tauscher was late in filing his answer, the Court finds that there is no danger of prejudice to Plaintiff, the length of delay is *de minimis* and has had no impact on these judicial proceedings and that there is no evidence that Defendant Tauscher acted in bad faith.

Accordingly, Plaintiff's motion for default judgment (Dkt. # 14) is **DENIED**.

ORDER
Page - 2

**B.      Motion for Sanctions**

Plaintiff asks the Court to impose sanctions of $250.00 against Defendant Tauscher because, as of the date of filing his motion, Plaintiff claims that Defendant Tauscher had "made no appearance or returned signed waiver."  Dkt. # 16, p. 1. .

Pursuant to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(b) states that sanctions may be imposed if a party files a pleading that is presented for improper purposes or is unsupported by the law or evidence.

Plaintiff has identified no grounds for the imposition of sanctions against Defendant Tauscher.  As noted above, there is no evidence that Defendant Tauscher has acted in bad faith.  Accordingly, Plaintiff's motion for sanctions (Dkt. # 15) is **DENIED**.

DATED this  16th   day of December, 2008.


Karen L. Strombom
United States Magistrate Judge